*1285 OPINION.
Lansdon :
There is no controversy here over any of the basic facts. The petitioner admits that in exchange for all its assets it acquired shares of the Union Carbide & Carbon Corporation that, at date of such exchange, had a fair market value of $700,000, and does not controvert the determination of the Commissioner that the purchaser assumed and paid its liabilities in the amount of $49,642.01, and *1286 that the depreciated cost of the property sold was $407,008.38. If the exchange here involved was a taxable transaction, the resulting profit to be included in petitioner’s gross income in the taxable year was $342,633.63, as determined by the Commissioner.
The petitioner^ main contention here is that the transaction through which it exchanged its assets for stock and for the assumption of certain of its liabilities was a reorganization within the mean - ing of the following provisions of the Revenue Act of 1924:
Sec. 203. * * * (b) (3) No gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization.
*******
(h) As used in this section * * *
(1) The term “reorganization” means (A) a merger or consolidation (including the acquisition by one corporation of * * * substantially all the properties of another corporation) * * *.
It is apparent that the transaction here involved almost literally satisfies the statutory definition of a nontaxable corporate reorganization. It is clear that the transaction was between the petitioner and the Union Carbide & Carbon Corporation. All details of the sale were worked out in advance between them and payment made, in accordance with such agreement, out of the stock of this holding corporation. The substitution, therefore, of the name of a subsidiary corporation, in the contract at the suggestion of the attorney was a mere expediency that in no practical way changed the status of the parties responsible for the deal. James Duggan et al., 18 B. T. A. 608. By the terms of this contract the purchasing corporation acquired all the petitioner’s properties, tangible and intangible, except the bare franchise right “ to be a corporation under and by virtue of the laws of the State of Oklahoma.” We think, therefore, that such acquisition was of “ substantially all the properties of another corporation,” and that the transaction constituted a “ reorganization ” within the meaning of section 203, sufra. No gain or loss can be attributed to the exchange of the petitioner’s assets for stock in the Union Carbide & Carbon Corporation. The action of the respondent in respect to such determination must be disapproved.
In his brief counsel for the petitioner raises and discusses several collateral and subsidiary issues. In the light of our conclusions above it is not necessary to discuss or decide such questions.

Dedsion will he entered wider Bule 50,